Mr. Justice Scott delivered the opinion of the court. The objection is for variance between the endorsements declared upon and that shown on oyer, in this: that the .plaintiffs below in setting out their title to sue allege that the payees of the bill of exchange declared on, endorsed the same in blank to a banking corporation, and that afterwards this banking corporation re-delivered the bill to the endorsees, who afterwards endorsed it in full to the plaintiffs ; whereas on grant of oyer the plaintiffs showed only an endorsement in full from the payees of the bill to themselves, and did not show the intermediate blank endorsement to the corporation, which they had alleged in their declaration. Whether or not this was a fatal variance will depend upon the materiality (to the plaintiffs’ title to sue) of this averment respecting the blank endorsement to the corporation. For if it in no way affected their title to sue on the bill it was an immaterial allegation and as such being mere surplusage, could not under our statute of demurrers be the ground of a fatal variance. Because under its operation, when there is a clear and substantial cause of action set forth in the declaration, though it may contain irrelevant or superfluous matter, and though it may contain duplicity, yet the defendant shall be held to answer it. Evans vs. Watrous, 2 Porter’s R. 210. In order to determine this question we have but to recur to a well settled principle, which the counsel on both sides in this cause admit to be law; and that is, that under a blank endorsement the title to the bill of exchange passes by delivery merely. This being so, it follows that the effect of the delivery of the bill in this case to the payees by the corporation to which it had been endorsed by them in blank, was to re-invest them with their original title. For, while the bill was out, the blank endorsement was but the authority of the endorser to any lawful holder to unite the legal and equitable title to the bill by filling up the endorsement with his own name and make it complete : and when the bill returns to the blank endorser before this authority has been executed in favor of any one the authority necessarily returns to its source and ceases to exist for want of anything to act upon, the legal and equitable title being united in his hands. (Clark vs. Pigot, 1 Salk. 126. Theed vs. Towell, 2 Str. 1103. Lambert vs. Parker, 1 Salk. 128.) If, however, while the bill was in circulation under such blank endorsement, any equities have intervened against it in the hands of any then lawful holder, doubtless, for the protection of innocent persons, the payee would, for this purpose, be held to have taken a de-rivitive title. When the plaintiffs then, in the case at bar, alleged the drawing and delivery of the bill to the payees and its acceptance, and then its endorsement in blank to the bank and its subsequent re-delivery to the payees, they but showed more than was necessary to fix a complete title in the payees from whom they claim title by a full endorsement. But this could not vitiate the declaration; for this surplusage showed nothing against their cause of action. The rule as laid down in the old books is this : “ If a man by the allegation of a thing not necessary, show that he has no cause of action, this, though surplusage, will vitiate; as in assize, if the plaintiff make title which he need not, and the title be not good, the whole shall abate.” (Pl. Com. 84 b. 202 b. Arch. Civ. Plead. 99.) If this superfluous allegation had gone the length of showing a title to sue, out of the plaintiffs’ endorsers at the time of their endorsement to the plaintiffs, such superfluous allegation would not have been innocent surplusage; but would have vitiated the declaration by invalidating the plaintiffs’ title to sue, although without such superfluous allegation the others had been sufficient. But as this is not the character of this superfluous allegation and the declaration shows a clear title in the plaintiffs to sue on the bill of exchange irrespective of that, we are of opinion that there was no error in the judgment of the court below, and it must be affirmed.